OF

# THE SUPREME COURT

OF THE

## STATE OF ILLINOIS,

### APRIL TERM, 1860, AT OTTAWA.

THE GALENA AND CHICAGO UNION RAILROAD COMPANY, Appellant, *v.* PERRY M. WELCH, Appellee.

APPEAL FROM BOONE.

In an action against a railroad company for damages resulting from the washing away of a culvert, the engineer who planned and superintended the erection of the culvert, is not a competent witness for the company until he has been released by it.

THE cause was heard before I. G. WILSON, Judge, and a jury, at September term, 1859, of the Boone county Circuit Court, on a change of venue from Winnebago county.

The action was trespass on the case, commenced against the Galena and Chicago Union Railroad Company, to recover damages for injuries done to the defendant's premises on the night of the 3rd of June, 1858, by reason of the giving way of a culvert near Roscoe, over the south branch of the Kennekinnick creek, which was swept away by a flood of water during a storm of rain.

The defendant in error was a wagon-maker, and resided upon a lot directly abutting upon the creek, and his house within six or eight feet of the bank of the stream. The storm which caused the damage, commenced about three o'clock in the morning of the 3rd of June; the culvert was swept away about eleven o'clock in the evening, and the water rushing down, car-

ried away Welch's house and wagon-shop, sweeping away his furniture, and doing damage to his premises.

There was a verdict and judgment for plaintiff below, for eleven hundred dollars and costs. The defendant below moved for a new trial, which was overruled.

The instructions given for plaintiff, and refused for defendant, were as follows:

Plaintiff's instructions, given by the court and excepted to by defendant:

The defendants, in constructing their railroad, were obliged by law to leave a sufficient opening through the embankment for the free passage of the water, so that the same should not accumulate unreasonably above the road, and if they failed to do so, and the embankment burst in consequence thereof, they are liable to the plaintiff for all the damage he sustained, if any, in consequence of such failure.

If the defendant failed to provide a passage way of sufficient capacity to convey the water freely through the embankment, so as to prevent its unreasonable accumulation above the road, it would have been no excuse for them if the passage way they did provide was well constructed.

If the culvert which the defendants provided for the passage of the water through their embankment was not properly constructed, and in consequence of the bad or insufficient construction thereof, the same gave way by the force of the water, the defendants are liable for all the damages sustained by the plaintiff, if any, in consequence of such giving way of the culvert.

The defendants were under obligations to keep the culvert through their embankment in repair, and if they neglected to keep the same in repair, and in consequence thereof the culvert gave way, the defendants are liable for all the damages which resulted to the plaintiff, if any, from such giving way of the culvert.

The defendants were bound to know the extent of country drained by the water course in question, and to ascertain the floods to which it was subject, and to provide a passage way under their railroad, reasonably sufficient for their free and safe passage.

The defendants were bound to provide a sufficient and safe passage under their railroad, not only for ordinary floods, but for extraordinary floods also.

Fourth, seventh and eighth instructions prayed for by defendant, and refused by the court:

4th. If the jury believe, from the evidence, that the culvert and water way, at the time of the disaster of the 3rd of June, were out of repair, yet, if they also believe, from the evidence,

that such want of repair was the necessary result of floods prior to that time, and that between such floods and the time of the disaster, the defendants were prevented by high water, from ascertaining the injury and repairing the same ; and also believe, from the evidence, that the same was sufficiently and skillfully constructed, then the defendants are not liable.

7th. That under the pleadings and evidence in this case, the plaintiff is not entitled to recover damages on account of permanent injury to the real estate, even if the jury believe the defendants guilty.

8th. That the only damages which the plaintiff, under the pleadings and evidence, would be entitled to recover in respect to said real estate, are for the mere interference with his possession, and not for the damage done to the house and lot.

The motion by defendant for a new trial, and in arrest of judgment, assigned, among others, the following grounds :

Because the court excluded the testimony of John Van Nortwick, upon the ground of interest.

Because the verdict was contrary to evidence, and should have been for the defendant, no negligence being shown, but, on the contrary, proper skill, care and diligence.

Because the instructions given on the part of the plaintiff were erroneous.

Because the court refused to give the fourth and last two instructions asked by the defendant.

Because the court, on motion of defendant, should have ruled out and excluded from the consideration of the jury, all of the evidence in respect to permanent injuries to the real estate, no sufficient evidence of title having been given.

E. ANTHONY, for Appellant.

LELAND & LELAND, for Appellee.

CATON, C. J. We find no error in the instructions given or refused, or in the conduct of the trial, unless it be in the refusal of the court to admit the testimony of Mr. Van Nortwick without a release from the defendant, who called him. The alleged injury was from the giving way of a culvert, and in order to maintain the action, it was necessary to show that it was improperly constructed originally, or was negligently out of repair. The witness was the chief engineer of the road at the time the culvert was built, and it was built according to his plan and under his supervision ; and he was called to prove that the plan was a judicious and proper one, and that it was properly constructed. The objection to the witness is, that he was directly

interested in establishing these facts, for if they were not true, the witness was guilty of negligence, and responsible to the company for all damages resulting from such negligence, of which the damages to be recovered in this action would form a part. This point must be resolved by a determination of the question whether, in such an action against the witness, the record in this cause could be given in evidence against him. According to general principles, it is urged, this judgment ought not to be admitted in evidence in such a case, for he is neither a party nor a privy to the record. This is no doubt the rule, when a record is to be used as concluding the matters determined by it, but there are many cases where the record of a cause between strangers to the cause on trial, may be admitted in evidence for certain purposes incidental to the main issue on trial, and the decided weight, if not the whole current of authority, recognizes this as one. In an action against the witness by the railroad company for negligence in the construction of this culvert, the record of this cause would not be evidence of that fact. Indeed it would establish no such fact even as between the parties to this record, for the plaintiff might recover for negligently allowing the culvert to get out of repair, although it were properly constructed originally, or the plaintiff might fail to maintain his action from a variety of causes, although the witness might have been negligent in its original construction. But in an action against the witness for damages, for negligence in the construction of this culvert, after the negligence had been established, and, also, that the injury, now complained of, had resulted in consequence of such negligence, it would then be competent for the company to give this judgment in evidence, for the purpose of showing what damage it had sustained in consequence of the negligence of the witness. Even then it would, by no means, be conclusive, for it would still be competent for the witness to prove that the defense of this cause was not properly conducted, and that a less judgment or no judgment should have been recovered. But the simple fact that this judgment might be used in an action against the witness, upon the question of damages, would seem to make it for his interest to defeat the present action, and that in order to remove that interest, it was necessary that the defendant should have released him.

The authorities sustain the decision of the court below, and we must affirm its judgment.

*Judgment affirmed.*