## The Chicago and Rock Island Railroad Company
## *v.*
## John S. Hutchins.

1. NEW TRIAL — *will not be granted unless the verdict is clearly against evidence.* Where the evidence has been fairly presented to the jury, and they have passed upon it, their finding will not be disturbed, unless it is clearly against the weight of the evidence.

2. RAILROAD ENGINEER — *not competent as a witness.* In an action on the case, for killing stock, by gross negligence, with the locomotive of a railroad, the engine driver, being liable over to the company for damages they may be compelled to pay from such negligence, is not a competent witness for the company, and it is not error in the court to refuse to permit him to testify whether he caused the bell to be rung, at the time the injury occurred.

APPEAL from the Circuit Court of Henry county; the Hon. IRA O. WILKINSON, Judge, presiding.

This was an action on the case, for damages in killing a mare and colt, brought in the Henry Circuit Court by John S.

Hutchins, against the Chicago and Rock Island Railroad Company. The declaration averred that defendant was a railroad corporation in the State, and having been in use more than six months, they failed to fence their road, as required by law, and that by reason of the neglect of that duty, one mare and colt, the property of plaintiff, of the value of one hundred dollars, lawfully feeding in a certain pasture, on the line of and adjoining the road, went from the pasture upon the track of the road, over lands which were not fenced and where the company had failed to fence their road ; and that through the carelessness and gross negligence of the company, the mare was run against and injured, and the colt killed, by the engine of the company.

Another count alleges that the company failed to keep their fences in proper repair, whereby the mare and colt got upon the road, and the mare, by the gross negligence of the company, was greatly injured, and the colt was killed, by the locomotive of the company. Another count alleges that the injury was occasioned by the gross negligence of the servants of the company, in failing to ring a bell or sound a whistle, at least eighty rods from the road crossing at which the injury occurred. A summons was issued, and service was had to the October Term, 1862. The plea of the general issue was filed by defendant. A trial was had by a jury. On the trial, defendant asked the engineer if the bell was rung at the crossing where the horses were injured, on the morning the accident occurred. Plaintiff objected to his answering the question, which was sustained by the court, and defendant excepted. The jury found a verdict of $126 for plaintiff. Defendant entered a motion for a new trial, which was overruled by the court, and judgment was rendered in favor of the plaintiff. To reverse this judgment defendant prosecutes this appeal. And, amongst others, assigns for error, that the court refused to permit the engine driver to testify whether the bell was rung; and in overruling defendant's motion for a new trial.

Messrs. GLOVER, COOK and CAMPBELL, for the appellant.

The evidence of Charles Robinson should have been admit-

ted. If he was incompetent on the ground of his liability, the offer to deposit in court more money than the damages claimed, was as good as a release, the only object of the rule of law excluding him being thus attained.

"Based upon reasons so unsatisfactory this rule of exclusion should not be extended. The testimony of the agent should not be excluded unless his liability over has been clearly proved. It is not to be assumed by the court. The general presumption is that every witness is competent, and it is incumbent upon the party who objects to show a clear disqualification."

Tried by the law as above laid down the witness was clearly competent to testify in regard to the ringing of the bell. *Edwards* v. *McKinnon,* 25 Geo. 337; *Millett* v. *Parker,* Ky. 2 Metc. 608; *Cutter* v. *Fanning,* Iowa, 2 Clark, 580; *Ill. Fire Ins. Co.* v. *Marseilles M. Co.,* 1 Gilm. 261; *Bloodgood* v. *Overseers, &c.,* 12 Johns. 285; *Watertown* v. *Comen,* 14 Paige, 513.

Messrs. CARPENTER and DUNHAM, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Appellee claimed to recover on the ground of negligence by the company. First, in not keeping in repair the fence separating their road from his pasture, in consequence of which the animals got on the road and were killed; and secondly, in failing to ring a bell or sound a whistle, as required by law, at the road crossing at which the animals were killed. The questions were fairly presented to the jury, and they have found that there was negligence on the part of the company. The evidence was sufficient to warrant the finding, and although it may not have been entirely free from doubt, still the verdict is not clearly against the weight of evidence, and, unless it was, the verdict will not be disturbed.

A reversal is urged upon the ground that the engine driver was not permitted to testify as to whether the bell was rung at

the road crossing where the animals were found. If his neglect of duty caused the injury, and the company should be held liable, he would be liable over to them. His engagement implies the discharge of every duty pertaining to the place. The engine and all of its parts are completely under his control, and the fireman is subject to his orders. ·This is necessarily so, as otherwise the fireman could regulate the speed, and not the driver. It appears to be customary for the engine driver to ring the bell or sound the whistle at all road crossings, and to frighten stock from the track when the train is in motion. It is true, that he may require this to be done by the fireman, but still it is under the direction of the driver. There can hardly be a doubt, that in the absence of all agreement or instructions, it would be the duty of the engine driver to sound the whistle or ring the bell at all places required by the law. Such is believed to be the universal custom in this country, and it must be understood to enter into and form a part of his contract when employed by the company.

Such being his duty, by a neglect to perform it on his part, he becomes liable over to his employers when they have been compelled to respond in damages for his non-performance of duty. This being so, he has a direct interest in preventing a recovery against the company. *Galena and Chicago Union R. R. Co.* v. *Welch*, 24 Ill. 31. Nor can we see that his interest is balanced. If the owner of the property is defeated in a recovery, not only the company, but he, escapes all liability. And it does not matter that the owner may elect to sue either the driver or company, because when a jury have found in an action against the company that there was no negligence, it is a bar to a recovery against the agent. There was, therefore, no error in not permitting the engine driver to testify on the question whether the bell was rung.

Upon a careful examination of the instructions, we perceive no error either in giving, modifying or refusing them. They appear to have stated the law correctly as it was applicable to the evidence before the jury. They were not calculated to, nor do we think they misled the jury. No error is perceived

in this record, and the judgment of the court below must be affirmed.

*Judgment affirmed.*