## JOSEPH GILSON

*v.*

## MICHAEL COLLINS.

MASTER AND SERVANT—*liability of servant to master for injury resulting from neglect of duty.* In an action by an engineer to recover his wages for services on defendant's tug boat, the evidence tended to show that the boat was damaged by fire while in plaintiff's charge, and that it was the result of a breach of duty on his part, and the defendant sought to recoup these damages. The court instructed the jury for plaintiff "that an engineer of a tug boat is not an insurer of the boat upon which he works, and is not responsible for damage to the machinery which is not *directly* attributable to his negligence:" *Held,* that the instruction was erroneous, and calculated to mislead the jury. The engineer was liable, if the damage could be fairly attributable to the act done or omitted by him as a natural result or a just consequence.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

Messrs. SMITH, UPTON & WATERMAN, and Mr. HOMER COOK, for the appellant.

Mr. WILLIAM H. CONDON, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court :

This was a suit by appellee to recover wages for services as engineer upon appellant's tug boat.

On the trial, appellant gave evidence tending to show that the boat was damaged by fire whilst in the charge of appellee as engineer; that it was the result of a breach of duty on his part, and sought to recoup for these damages in this action.

The court instructed the jury, on request of appellee's counsel, "that an engineer of a tug boat is not an insurer of the boat upon which he works, and is not responsible for damage to the machinery which is not *directly* attributable to his negligence."

This was a question of liability of agent to the principal. Story says: "The loss or damage need not be directly or immediately caused by the act which is done or omitted to be done. It will be sufficient if it be fairly attributable to it as a natural result, or a just consequence." Story on Ag. sec. 217 (c).

The instruction was erroneous, calculated to, and no doubt did, mislead the jury.

Judgment reversed and cause remanded.

*Judgment reversed.*