**Purple Swan Safety Coach Lines, Appellee, v. Egyptian Transportation Company, Appellant.**

Opinion filed February 12, 1930.

John W. Freels, for appellant; Ropiequet & Freels, of counsel.

McGlynn & McGlynn, for appellee.

Mr. Presiding Justice Barry delivered the opinion of the court.

On February 22, 1927, appellee and appellant were common carriers by bus between St. Louis, Missouri, and Addieville, Illinois. On that day appellee sold to Catherine Juenger a round trip ticket from St. Louis to Addieville. She was carried to Addieville by appellee and when she was ready to return to St. Louis appellee directed her to take appellant's bus to St. Louis, which she did and she was carried by appellant on the ticket sold to her by appellee. Appellee had made an arrangement, or agreement with appellant whereby appellant would carry the holder of the ticket to St. Louis. On her way back to St. Louis she received an injury and owing to an accident to the bus appellant transferred her to another bus. Later she sued appellant and appellee and recovered a judgment for $1,000. Appellee paid the judgment and this suit was brought to recover from appellant the amount so paid by appellee.

It is quite evident that appellant was the agent or servant of appellee in transporting Mrs. Juenger from

Addieville to St. Louis and that she was injured through the negligence of appellant on that trip. We know of no reason why appellant should not be required to pay for any damages caused by its negligence. Appellant, as agent of appellee, is responsible to it for all damages resulting from appellant's negligence which appellee was compelled to pay, and the record in the former suit is competent evidence against appellant; *Illinois Cent. R. Co. v. Beebe,* 69 Ill. App. 363-388; *Galena & C. U. R. Co. v. Welch,* 24 Ill. 31; *Chicago & R. I. R. Co. v. Hutchins,* 34 Ill. 108; *Gilson v. Collins,* 66 Ill. 136.

An employee is directly liable to his employer for any damage occasioned by his negligence, whether such damage be direct to the property of the employer, or arise from the compensation which the employer has been obliged to make to third persons for injuries sustained by them; 18 R. C. L. 502. A railroad company may act as agent for a connecting road, and where, acting as such within the scope of its authority, it makes a contract for the transportation of passengers over a connecting line, the latter will be responsible for the tort or negligence occurring on its portion of the route to the same extent as if the contract has been made by the connecting carrier itself; 5 R. C. L. 156.

Appellant contends that it and appellee were joint tortfeasors and that by reason thereof appellee is not entitled to recover. Appellee was not guilty of any negligence and was held liable in the former suit because of the fact that it had sold the ticket to Mrs. Juenger and instead of carrying her to St. Louis, it had secured appellant to do so. Under such circumstances appellant is in no position to escape liability to appellee on the ground that they were joint tortfeasors; *Griffiths & Sons Co. v. National Fireproofing Co.,* 310 Ill. 331. No reversible error having been pointed out the judgment is affirmed.

*Affirmed.*