(Nos. 4393-4394—Consolidated—

WILLIAM WINSTON AND PATRICK CLANCY, Claimants, *vs.* STATE
OF ILLINOIS, Respondent.

*Opinion filed September 12, 1952.*

CHARLES A. BELLOWS, Attorney for Claimants.

IVAN A. ELLIOTT, Attorney General; WILLIAM H.
SUMPTER, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

On December 16, 1949, at about 3:30 P.M., John
M. Flahive was driving his 1947 Plymouth Sedan auto-
mobile north on Torrence Avenue toward the intersec-
tion of 147th Street in Calumet City, Cook County,
Illinois. In his automobile were William Winston, seated
next to the driver, Patrick Clancy, seated at the right,
and, Thomas Flisk, seated at the left in the rear seat.

John M. Flahive and his passengers had been to
Gibson City, Indiana on Union business for the Brother-
hood of Railway and Steamship Clerks. All of said
parties were officials of said Union.

The undisputed facts show that the intersection
was protected by traffic lights, and, as Flahive ap-
proached, the light turned to green in his traffic lane,
and a car ahead of him went across the intersection.
At said time Stanley Glowezenski, a maintenance patrol-
man, employed by respondent in its Department of
Public Works and Buildings, Division of Highways,
was operating a dump truck loaded with cinders in an
easterly direction on 147th Street. The State truck
failed to stop, and Flahive's car struck it. The truck
driver made statements to witnesses, which is corrobor-

ated by respondent's Departmental Report, that he saw the red light and applied his brakes, but that they failed to hold, and both cars approached the intersection at the same time.

As a result of the collision, complaints were filed by Patrick Clancy and William Winston for personal injuries sustained in the collision.

From the undisputed facts, there is no question that the proximate cause of the collision and resultant injuries were due to the negligence of the respondent, through its agent and servant, and no further details of any facts causing said collision are deemed necessary.

The cases were consolidated for trial, and so heard, and will be considered as consolidated by the Court.

The pertinent question in this case is the effect of the covenant not to sue executed by both claimants to Stanley F. Glowezenski, employee of the respondent. The liability of the respondent can only be predicated on the theory of respondeat superior. While both employer and employee may be sued jointly in Illinois, they are not considered joint tort feasors, and, in the event of the employer having to pay for any damages due to the negligence of his employee, he may recover said sum from the employee. The covenant not to sue does not reverse a cause of action against the employer, but only says it does not operate as a release to Stanley F. Glowezenski. In the event respondent would have to pay additional damages, it could sue its employee for the amount it had to pay, and, would, therefore, involve the employee in litigation to respond its damages, which the covenant was supposed to guard against.

In *Purple Swan Lines* vs. *Egyptian Transportation Co.*, 256 Ill. App. 442, the Court, on page 444, said:

"An employee is directly liable to his employer for any damages occasioned by his negligence, whether such damage be direct to the property of the employer, or arise from the compensation which the employer has been obliged to make to third persons for injuries sustained by them; 18 R.C.L. 502."

In *Griffiths and Son Co.* vs. *Fireproofing Co., 310* Ill. 331, the Court, on page 339, said:

"The further general principle is announced, however, in many cases, that where one does the act which produces the injury, and the other does not join in the act but is thereby exposed to liability and suffers damage, the latter may recover against the principal delinquent, and the law will inquire into the real delinquency, and place the ultimate liability upon him whose fault was the primary cause of the injury."

There is no reason why the rule above enunciated does not apply to the facts in this case. The rule as applied would, if a recovery is allowed against respondent, authorize a cause of action against the covenantee, and, in effect, defeat the very purpose of the covenant. In the case of *Karcher* vs. *Burbank, Et Al*, Mass. 21 N.E. (2d) 549, as reported in 124 A.D.R. 1292, the Court, on pages 1296-1297, said:

"The Company's liability is of a derivative or secondary character, resting solely upon the doctrine of respondeat superior. *Pangburn* vs. *Buick Motor Co.*, 211 NY 228, 234, 105 NE 423. The Company was, in effect, the plaintiff's surety, and could, therefore, recover over against him if compelled to pay damages for his negligence while he was acting as its agent within the scope of his authority. *Kramer* vs. *Morgan*, 2 Cir., 85 F (2d) 96. See *Pittsley* vs. *Allen*, Mass., 7 NE (2d) 442. It is a principle of the law of suretyship that a release or covenant not to sue the person known by the covenantor to be the principal will discharge the surety. *Potter* vs. *Green*, 6 Allen 442, 444. See 2 Williston on Contracts (Rev. Ed.) s. 342; compare *Tobey* vs. *Ellis*, 114 Mass. 120; see *Matheson* vs. *O'Kane*, 211 Mass. 91, 94, 95, 97 NE 638, 39, LRA (NS) 475, Ann Cas 1913B, 267. But such a covenant not to sue does not so operate where it contains an express reservation of the covenantor's rights against others. *Sohier* vs. *Loring*, 6 Cush. 537; *Hutchins* vs. *Nichols*, 10 Cush. 299. *Kenworthy* vs. *Sawyer*, 125 Mass. 28. In the case at bar the covenant contained no such reservation. Whether or not the defendants knew of the relationship between the plaintiff and the Company when the covenant was entered into, they must have known, on the record that is before us, that any claim they might then have against the Company on account of the plaintiff's negligence would be of a derivative character. Although the result of granting injunctive relief to the plaintiff has the effect of releasing the Company, nevertheless we are of the opinion that this does not amount to a denial of the correctness of the result reached in the

Johnson case. Compare *New York Central Railroad* vs. *William Culkeen & Sons Co.*, 249 Mass. 71, 144 NE 96. *Wells Fargo & Co.* vs. *Taylor*, 254 US 175, 41 S. Ct. 93, 65 L.Ed. 205.

The defendant's covenant was at least an undertaking "to forever restrain from . . . in any way aiding any claim" against the plaintiff. If they should recover judgment in their actions against the Company, a possible cause of action against the plaintiff will have been created. Although these actions are against the Company, the defendants must know that, in theory at least, the ultimate loss in the event that damages are recovered will fall upon the plaintiff, and that under the principle stated in *Levinton* vs. *Poorvu*, Mass. 200 NE 9, the plaintiff, if he does not take. over the defense of the actions against the Company, may be bound by any judgment recovered. It has been said, in discussing the effect of a covenant not to sue that "the intention of the parties is carried out by allowing the creditor to take, judgment at law, leaving the party who holds the covenant to his remedy in equity for a specific performance, by which he is fully protected not only from paying any more directly, but, if there be sureties, by restraining the creditor from collecting any amount out of them, because that would subject him to their action, and thus indirectly violate the covenant, or, if there be other principal obligators, by restraining the collection of any more than an aliquot part of the debt, or any amount that would subject the party to an action for contribution." "

In the case of *Losito* vs. *Kruse*, 136 Ohio St. 183, 24 N.E. (2d) 705, and annotated in 126 A.D.R. 1194, the Court, on page 1197, said:

"A settlement with and release of the servant will exonerate the master. Otherwise, the master would be deprived of his right of reimbursement from the servant, if the claim after settlement with the servant could be enforced against the master. *Herron* vs. *City of Youngstown*, Ohio Sup. 24 NE (2d) 708; *Bello* vs. *City of Cleveland*, supra; *Brown* vs. *Town of Louisburg*, 126 NC 701, 36 SE 166, 78 Am. St. Rep. 677."

The form of the covenant not to sue, limiting its effect to the employee only, amounts to a release, and necessarily a bar to a cause of action by claimants herein.

For the reasons above assigned, both claims are hereby denied.