## WILLIAM S. FRINK, impleaded, etc.,

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS, FOR USE CHRISTIAN COUNTY.

WITNESS — *competency.* A person interested in establishing a liability whereby he is to be benefited cannot be a witness in that regard. He cannot be permitted to do indirectly what the law forbids to be done directly.

WRIT OF ERROR to the Circuit Court of Christian county; the Hon. EDWARD Y. RICE, Judge, presiding.

The facts sufficiently appear in the opinion of the court.

Mr. WILLIAM C. GOUDY, for the plaintiff in error.

Mr. H. M. VANDEVEER, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought in the name of the people, for the use of Christian county, against Petty, Frink and others, upon the official bond of Petty, as treasurer of the county during the year 1861. The plaintiffs put in evidence four receipts from Petty, as treasurer, to J. C. Christian, as county collector, one bearing date June 10, 1861, two bearing date October 31, 1861, and the fourth without date, all purporting to be in part payment of county revenue for 1860, and amounting in the aggregate to $1,275.61. The county record was then given in evidence, showing various settlements made by Petty of his account as treasurer, the last bearing date December 7, 1861, and showing an overpayment by him of five dol-

lars and thirty-six cents, for which an order was drawn in his favor. The county clerk testified, that, in making up this account, he charged Petty, as treasurer, with the various sums paid to him by Christian as collector, for which the latter had filed receipts, and that he had not charged him with any of the sums specified in the four receipts above mentioned. He further testified that none of these receipts were filed in the office. Petty went out of office in November, 1861. It further appeared by the county record that Christian settled his accounts as collector December 7, 1861, for the revenue of 1860 ; that this settlement showed a balance against him of $1,087.59, and that he discharged said balance by two payments, made, one in March and the other in June, 1862. Christian himself was then called by the plaintiffs, and he testified he paid to Petty the sums specified in the four receipts ; that the balance of $1,087.59 due from himself to the county on the settlement of December 7, 1861, had been paid by him in March and June, 1862, out of the revenue of 1861, which he was then collecting, and that the amounts specified in the four receipts are now due from Petty, either to the witness or to the county, less a small credit indorsed on one of them. It further appears from the county records that Christian, who was collector both in 1861 and 1862, is a defaulter upon the collections of 1862, for the revenue of 1861, for over four thousand dollars.

On the foregoing evidence the court gave judgment for the plaintiffs for the balance appearing to be due on the four receipts. The defendants bring the record here, and assign for error, that Christian was improperly received as a witness. The error is well assigned. The judgment rendered by the Circuit Court will, when collected, liquidate that amount of Christian's defalcation to the county. This suit is, in fact, as much for his benefit as if he had been named the *cestui que use* on the record. Whatever is collected by its means goes into his pocket, by paying his debt. It is urged, that, if the county does not collect the amount of these receipts, Christian can, and that it does not matter to him by which process the

debt is recovered. It is true, according to his evidence, the amount is due him from Petty, and might be recovered by a suit in his name, but it could not be recovered upon his own evidence, or could not have been as our statute law then stood. It is precisely for this reason, that his evidence is inadmissible here. He cannot be permitted to do indirectly what the law forbids to be done directly. He cannot, by suing in the county's name, collect his own debt through his own evidence. His interest in the result of this suit is in no sense a balanced interest.

Neither can his evidence be considered immaterial. On the contrary, his testimony was very material as explaining away the inferences unfavorable to the plaintiff, that might be drawn from his payment in March and June, 1862, as appearing on the county record, of the balance against him on the revenue of 1861. But even his evidence does not explain why he allowed that balance to be struck against him in December 1861, when, by producing the four receipts, he could have shown the county treasurer was really overpaid.

*Judgment reversed.*