## Charles J. Off v. William Trapp, Adm'r.

1. WITNESSES—*A Person Directly Interested Incompetent, When.*—
A person directly interested in the event of the suit is an incompetent
witness where the adverse party to the estate of a deceased person
calls such witness.

2. STATUTES—*Sec. 2, Ch. 51, R. S., Construed.*—At the time of the
enactment of Sec. 2, Ch. 51, R. S., the words " person having a direct
interest in the event of such action, suit or proceeding," had a well-
known meaning in the law of evidence, and it is presumed that they
were here used to express that meaning.

**Bill to Foreclose Mortgages.**—Appeal from the Circuit Court of
Fulton County; the Hon. JOHN J. GLENN, Judge presiding. Heard in
this court at the November term, 1902. Affirmed. Opinion filed April
30, 1903.

CHIPERFIELD & CHIPERFIELD, attorneys for appellant.

LUCIEN GRAY, attorney for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of
the court.

In the first instance, this was a bill in equity by the
appellant to foreclose two mortgages against Hulitt &
Co., the latter constituting a partnership, Maria Trapp
having been made a party to the bill because of her
interest in the premises as a judgment creditor of Nathan
Hulitt, one of the partners. Her judgment was prior
in time to one of the mortgages foreclosed, and in the
final decree she was given a priority in one half of the
premises over the junior mortgage, the premises directed
to be sold, the senior mortgage paid, and the residue of the
proceeds of sale brought into court for future distribution.
The premises so ordered sold were a part of the partner-
ship assets. The premises were sold in accordance with
the direction of the decree, and appellant became the pur-
chaser for the amount of his two mortgages, after which
he sued out a writ of error to reverse that part of the
decree that gave to the judgment against one of the part-

ners priority over the junior mortgage executed by both partners upon partnership property. Upon this writ of error the Supreme Court held that by purchasing under the decree the appellant thereby released the errors, by virtue of which he sought to reverse the decree. Trapp v. Off, 194 Ill. 287. Appellant then, or before that time, had obtained a written release of her rights under such decree through Hufford, the attorney and solicitor of Maria Trapp, for $60 paid to him. The present bill was filed by appellee as administrator of the estate of Maria Trapp, who died in the meantime, to enforce the provisions of the original decree, and to compel a distribution of the proceeds of the sale of the lands, in accordance with its terms. In this bill the validity of the release given by Hufford was attacked, upon the ground that Hufford had no authority from Maria Trapp, in her lifetime, to make it. The court held that Hufford, being an interested witness, was therefore incompetent to testify to his authority from Maria Trapp, and there being no other evidence, gave its decree to pay appellee the proportion of the proceeds of sale under the original decree therein to be applied to the deceased, and this appeal is to reverse that order.

It is first insisted that Maria Trapp ratified the release by accepting $30, one-half of the amount paid to Hufford, but outside of the latter's testimony there is no evidence that she knew sufficiently of the facts to make a ratification effective against her or her estate. So upon this point the question resolves itself as to whether or not Hufford was a competent witness. The statute (Sec. 2, Chap. 51,) is that "a person directly interested in the event of the suit is an incompetent witness, where the adverse party to the estate calls such witness." Here, if the appellant failed in establishing Hufford's authority to execute the release, he would be directly liable to appellant for the $60 he had paid to him, and was therefore interested in the event of the suit. In Butz v. Schwartz, 135 Ill. 189, it was said that at the time of the enactment of the statute the words "person having a direct interest in the event

of such action, suit or proceeding," had a well-known meaning in the law of evidence, and that it is therefore presumed that they are here used to express that meaning. The rule was, where the event of the suit, if adverse to the party adducing the witness, would render the latter liable, either to a third person or to the party himself, there was a direct interest on the part of the witness in the event of the suit, and this without regard to whether the liability arose from an express or implied legal obligation to indemnify. See also, Bruner v. Battell, 83 Ill. 317.

It is also argued, to effect a reversal of the last order, that the court will look into the first decree, and if it is found to be inequitable, will refuse to enforce it, and in support of this point it is explained that the original decree was inequitable and erroneous, because it seized upon partnership assets in the interest of a creditor of one of the individual partners, to the exclusion of appellant, a partnership creditor. Whatever merits this point may have had as applied to the original decree directly or indirectly, is, we think, shorn of its force by the fact that the Supreme Court, as we have already seen, has decided that appellant has released the errors or imperfections of that decree by enforcing it, and hence we think appellant is no longer capable of raising or insisting upon that point.

For the reasons pointed out the decree of the Circuit Court will be affirmed.