**M. R. Sullivan, Administrator, Appellee, v. Corn Products Refining Company et al., Appellants.**

1. MASTER AND SERVANT—*what negligence of former.* Held, that the facts justified the jury's finding that it was negligence for a foreman to order a servant to a place which was in fact dangerous without having in some way assured himself as to the presence or absence of danger.

2. MASTER AND SERVANT—*what not assumed risk.* Held, under the facts, that a danger not shown to have been known to a servant who had but recently been employed and was performing a particular kind of work, at which he was injured, for the first time, was not an assumed risk as a matter of law.

3. WITNESSES—*what does not render party in interest competent.* Where the adverse party sues in a representative capacity a party defendant is not competent for his co-defendant even though such proffered witness (1) was not a necessary party defendant to the action, (2) was joined therein for the express purpose of excluding his evidence or (3) expressly waived as to himself the benefit of his testimony.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Madison county; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

THOMAS STALLINGS, for appellant; JOHN A. BLOOM INGSTON, of counsel.

D. J. SULLIVAN, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This suit was brought by M. R. Sullivan, as administrator of the estate of Charles Metcalf, deceased, to recover damages for the death of his intestate, alleged to have been caused by the negligence of appellants.

The proof shows that at the time of the injury on September 6, 1907, appellant, Corn Products Refining Company, was engaged in the manufacture of food products in Madison county, Illinois, and that appellant, George Hendricks, was a foreman in its plant. There was one department, called the feed house, containing ten large iron cylinders, through which steam pipes ran, used to dry the product. They were called driers and one of them, where Metcalf was injured, was twenty-five feet long and six feet in diameter and the steam pipes in it stopped eighteen inches before they reached the lower end of the cylinder. There was an iron head in the cylinder at the end of the steam pipes and beyond at the end of the cylinder was a wooden head, so that there was formed between the two heads a compartment some six feet in diameter and eighteen inches deep. There was an opening eighteen inches in diameter in the head at the end of the cylinder, and one six inches in diameter in the inner iron head. In the inner opening was fitted an iron manhead held in place by bolts and on the inside of the manhead was a condensing chamber in which water, formed by the condensing steam, gathered and from which the water was discharged by a syphon.

Deceased was twenty-six years of age at the time of his death and for four or five days previous had been working for the company as a steam fitter. For three

weeks prior to that time he had worked as a machine man and for about a year had worked for the company as a pipe cutter. On the day of the injury the foreman of the feed house informed appellant Hendricks, who was foreman of the steam fitters, that the drier in question was not working right and Hendricks thereupon ordered Metcalf and two others to repair it, Metcalf being ordered by the foreman to go into the eighteen-inch compartment and unscrew the iron manhead. While Metcalf was in the compartment the light which he was using went out and another was sent for, but in the meantime he proceeded to unscrew the taps that held the manhead, the foreman Hendricks standing just outside. When the manhead was unfastened the steam and boiling water suddenly burst out through the hole scalding Metcalf so severely that he died the next day from his injuries.

Appropriate pleadings were filed in this case and the trial resulted in a verdict and judgment for appellee for $1,860.

Appellants complain that the evidence does not sustain the verdict, the court erred in giving an improper instruction on behalf of appellee and in refusing to permit the appellant George Hendricks, to testify for his co-defendant the Corn Products Refining Company, after he had waived any benefit of the testimony as to himself. In regard to the sufficiency of the evidence, we are of opinion the facts in the case as above set forth and concerning which there was very little controversy, plainly showed it was an act of negligence on the part of Hendricks to send Metcalf into the confined compartment at the end of the drier to loosen the manhead next to the steam pipes, without assuring himself either by giving the drier time to cool off or otherwise that there was no danger from escaping steam and hot water.

It appears to us that the only question as to the facts is whether or not the work he was ordered to

do was so obviously dangerous that in doing it Metcalf must be held to have assumed the risk. We are of opinion however that as he had only been employed as a steam fitter some four or five days and it does not appear he had been called upon before to do work similar to that which caused his injuries, it cannot be said as a matter of law that the danger was so obvious and patent to him as to render it an assumed risk of his employment.

Only one instruction was given for appellee and that states in the proper and usual way a rule bearing upon the question of assumed risk. On the trial appellant, Corn Products Refining Company, offered its co-defendant, George Hendricks, as a witness with the statement made by consent of the latter that his testimony was to be considered only in behalf of the Corn Products Refining Company and not on behalf of the proposed witness himself. Objection was made by appellee that the witness was incompetent and the court sustained the same. The objection was based on that portion of section 2 chapter 51 of the Revised Statutes, which provides that no party to any civil action, suit or proceeding or person directly interested in the event thereof, shall be allowed to testify therein of his own motion or in his own behalf, when any adverse party sues or defends as administrator of any deceased person, etc.

In offering the testimony, counsel for the Corn Products Refining Company stated that he did so because Hendricks' testimony was competent as he was not a necessary party to the suit, and it appeared that he could only have been made a party for the express purpose of preventing his testifying for the benefit of his co-defendant. Had the Corn Products Refining Company been sued alone, Hendricks would have been a competent witness for it notwithstanding the fact he may be said to have been indirectly interested in the event of the suit. I. C. R. R. Co. v. Waldron, 52 Ill. 290; Feitl Admr. v. C. C. Ry. Co., 211 Ill. 279.

But even if it had been clearly shown that Hendricks was made a defendant in order to prevent him from testifying in behalf of his employer, yet the purpose for which he was so joined could have no bearing upon the case, if appellee in fact had a right, as it did, to make him a defendant. Deere v. C., M. & St. P. Ry. Co., 85 Fed. Rep. 876; Moore v. L. A. Iron & Steel Co., 89 id. 73.

If Hendricks had testified in the case he would necessarily have had the benefit of his own testimony, notwithstanding his offer to waive any such benefit for himself. The plain reading of the statute referred to forbids a defendant from testifying in his own behalf and that rule properly applied disqualified Hendricks from being a witness in this case.

We find no error in the record calling for a reversal of the judgment in this case and the same will therefore be affirmed.

*Affirmed.*