### Charles Weaver et al., Appellees, v. William Ritchie et al., Appellants.

EVIDENCE—*when witness not disqualified by virtue of interest.* If the pecuniary interest of a witness with respect to the subject-matter of the litigation has been finally fixed and determined and cannot be affected by the result of the pending action, he is not disqualified to testify.

Action in case. Appeal from the Circuit Court of Macon county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at

the May term, 1909.  Reversed and remanded.  Opinion filed December 15, 1909.

BUCKINGHAM & GRAY, for appellants.

LE FORGEE & VAIL, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case by the heirs of one Samuel Weaver against the defendants, who were grain buyers, to recover the value of certain grain purchased by them of one Hoyt, a tenant on Weaver's land, or so much of the value of such grain as would pay the balance due from Hoyt as rent for the year 1905.  At the close of all the evidence the court directed a verdict in favor of the plaintiffs for the sum of $848.39.  To reverse a judgment rendered thereon this appeal is prosecuted by the defendants.

The action is predicated upon the existence of a lien for rent upon the grain in question by reason of the fact that the same was raised upon the demised premises during the year for which Hoyt was in default in the payment of such rent, and that the defendants had notice of such facts.  Hoyt, the tenant, testified on the trial that he leased the farm in question from Weaver in 1902, for the term of one year at the rental of $2,500, payable at the end of the term, from the money received by him for his cattle.  The defendants then offered to prove by Hoyt that no further lease was made for the premises for the years 1904 and 1905, than the one referred to; that the verbal lease in question provided that Hoyt was to have the farm as long as he desired it at the same rent, which rent was to be paid on the first day of March of each year, out of the proceeds of the sale of cattle, and that he might sell the small grain raised by him upon the premises when it was harvested; and further, that thereafter Hoyt raised small grain each year and with the knowledge of Weaver sold the same

after harvest to appellants, and that he paid his rent from the proceeds of the cattle raised by him. It is obvious that the evidence thus referred to would have tended to show a waiver by Weaver under the terms of the original lease of his lien upon the crops raised upon the premises, and that the evidence as to the manner in which he sold his crops thereafter, and the source from which he derived the money with which he paid his rent, would have tended to show that for the years in question he held the premises under the original lease. The evidence offered was clearly competent, and the question of the correctness of the rulings of the court must turn upon whether Hoyt was disqualified as a witness by section 2 of the Statute entitled "Evidence," by reason of his direct interest in the suit.

Appellees sought to show that a new arrangement was entered into during February, 1905, for the coming year, and for that purpose, called one Matilda Keiter, who testified as to a conversation between Weaver and Hoyt at that time. As to this transaction and conversation Hoyt was properly permitted to testify. It is insisted by appellees that he was a competent witness not only in this respect but also as to still other conversations with Weaver prior to his death; that he was not a person directly interested in the event of the suit within the meaning of the statute. In Curtenius v. Wheeler, 5 Gilman, 462, the court held that under such statute a witness is never disqualified from testifying because of interest in the result of the suit if the extent of his own liability or claim has been previously established and is certain, and a judgment either way would not directly and certainly increase or diminish such liability or claim. We are of opinion that Hoyt was not an interested person within the meaning of the statute. He was liable to the heirs of Weaver for the rent on the one hand and on the other to the appellants in such amount as they might recover in the present suit. The extent

of his liability could be neither increased nor diminished by the result of such suit, and he was therefore a competent witness.

For the error indicated the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

MR. JUSTICE PHILBRICK took no part in this case.