## Fannie C. Bellman, Administratrix of the Estate of Henry J. Bellman, Deceased, Plaintiff in Error, v. Max Epstein, Defendant in Error.

## Gen. No. 21,576.

1. WITNESSES, § 107*—*what interest disqualifies.* The interest that disqualifies a witness both at common law and under the Rev. St. ch. 51, sec. 2 (J. & A. ¶ 5519) must be some legal, certain and immediate interest, however minute, either in the event of the cause itself or in the record, as an instrument of evidence, in support of his own claims in a subsequent action.

2. WITNESSES, § 108*—*what is true test of interest of witness who is not a party.* The true test of the interest of a witness who is not a party to the action is that he would either gain or lose by the direct legal operation and effect of judgment or that the record will be legal evidence for or against him in some other action, but if the interest is of doubtful nature, the objection goes to the credit of the witness and not to his competency.

3. WITNESSES, § 106*—*when witness is not directly interested in event of suit.* A witness in an action by the administratrix of an estate on a promissory note, to whom the testator had owed a debt, and to satisfy the debt had authorized him to tell the defendant to pay what was due on the note to him and that the note would be canceled, in pursuance of which arrangement the amount of the

*See **Illinois Notes Digest**, Vols. XI to XV, and **Cumulative Quarterly**, same topic and section number.

note was paid to the witness, is not directly interested in the event of the suit so as to be incompetent to testify as to certain facts under Rev. St. ch. 51, sec. 2 (J. & A. ¶ 5519).

Error to the Municipal Court of Chicago; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed December 19, 1916. Rehearing denied December 23, 1916.

SHERIFF, DENT, DOBYNS & FREEMAN, for plaintiff in error.

HARRY M. ROSENBLUM, for defendant in error; SYDNEY STEIN, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This was a suit brought upon a promissory note for $1,000 and interest by the administratrix of the payee, one Bellman, against the maker, Epstein. The sole question presented for our consideration is whether the evidence of the witness, Mayer, received in support of the plea of payment, was admissible under section 2, chapter 51 of our Revised Statutes (J. & A. ¶ 5519).

He testified in effect that Bellman owed him and to satisfy the debt authorized him to tell Epstein to pay what was due on the note to him and that the note would be canceled; and, further, that in pursuance of that arrangement Epstein paid him the amount of the note. In view of such testimony the question arises, whether Mayer was,—using the language of the statute,—"directly interested in the event" of the suit.

The interest that disqualifies at common law, as stated in volume 1 of Greenleaf on Evidence (13th Ed.), "must be some legal, certain, and immediate interest, however minute, either in the event of the

cause itself, or in the record, as an instrument of evidence, in support of his own claims, in a subsequent action.'' (Section 386.) Such interest, too, is in such ''event'' and not in the *question* to be decided. (Section 389.) The true test of the interest is, as stated by the author, ''that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him, in some other action.'' (Section 390.) ''And,'' the author adds, ''if the interest is of a *doubtful nature,* the objection goes to the credit of the witness, and not to his competency.''

In considering the interest that disqualifies a witness both at common law (*Curtenius v. Wheeler,* 10 Ill. [5 Gilm.] 462) and under said section of the statute (*Ackman v. Potter,* 239 Ill. 578, and *Stephens v. Hoffman,* 263 Ill. 197), as well as the test to be employed (*Feitl v. Chicago City Ry. Co.,* 211 Ill. 279), our Supreme Court has referred to the work of the noted author, and has adopted or paraphrased his language.

The general rule as to the nature of the interest that disqualifies, and as to the test thereof, is simple as thus stated, but the difficulty, as said in the *Curtenius* case, *supra,* is in its application. While at first there seemed to be much force in plaintiff in error's contention that if Epstein lost Mayer would be subject to an action by the former for the recovery of the money and, therefore, had a direct interest in the event of the suit, still on further reflection we are constrained to adopt a different view, and to regard his interest at best of such a ''doubtful nature'' that the objection to his testimony goes merely to its credibility. (Greenleaf, sec. 408.)

If we apply the test above stated, it is apparent that under neither branch thereof was Mayer an incompetent witness. He could neither gain nor lose by the direct operation of the judgment. If it were for Epstein it could in no way be construed for his use or

benefit, and, if for the estate, it would not of itself in anywise affect his property rights or interests. The difficulty that arises on this phase of the subject consists in confusing the question that was to be decided, namely, whether Epstein was liable on the note, with the event of the suit. Mayer may have been interested in that question to the extent that whichever way it was decided he might become subject to an action by the losing party. Nevertheless, that did not give him a direct interest in the event of the suit because he could neither gain nor lose by direct operation of the judgment. Such an interest did not disqualify him. (Greenleaf, sec. 389.)

Applying the other branch of the test we fail to discern upon what principle of estoppel or otherwise the record of the suit could be used as evidence either for or against Mayer in a subsequent action. While it decided the question that Epstein was not liable on the note, and it is true the record of the judgment could be used, even between strangers, to show that such a judgment was rendered, it would not be admissible to prove the truth of the fact, on which the judgment was doubtless founded, that Bellman gave Mayer authority to collect the note and appropriate the proceeds. (Greenleaf, sec. 404.) This becomes evident when we consider that Mayer had a personal interest in the verity of that transaction and personal rights dependent thereon, but was not a party to the suit. No discussion or citation of authorities is necessary to the elucidation of this point. On such matter, the record could not be used either for or against him. As, therefore, Mayer's interest in the event of the suit was not a direct one, when subjected to either branch of the true test, his testimony was admissible. Accordingly, the judgment will be affirmed.

*Affirmed.*